IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

**STATE OF TENNESSEE v. RODNEY LOVE**

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-2232     Steve R. Dozier, Judge**

_____

**No. M2015-02074-CCA-R3-CD – Filed August 8, 2016**

_____

The Appellant, Rodney Love, appeals as of right from the Davidson County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred in concluding that Rule 36.1 relief was not available because the alleged illegal sentence had long ago expired. Following our review, we affirm the trial court's denial of the Appellant's Rule 36.1 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Richard C. Strong, Nashville, Tennessee, for the appellant, Rodney Love.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn R. Funk, District Attorney General; and John Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1999, the Appellant pled guilty to one count of delivery of a Schedule II controlled substance and one count of possession with intent to sell a Schedule II controlled substance. The Appellant received five-year sentences for each conviction with concurrent service, for a total effective five-year sentence. On March 19, 2015, the Appellant filed the instant motion pursuant to Tennessee Rule of Criminal Procedure 36.1. In his Rule 36.1 motion, the Appellant alleged that he was free on bond for the delivery offense when he committed the possession offense; therefore, his sentences were statutorily required to be served consecutively rather than concurrently. See Tenn. Code Ann. § 40-20-111(b).

The trial court determined that the Appellant's Rule 36.1 motion stated a colorable claim and appointed counsel to represent the Appellant. The trial court then took the matter under advisement after a brief hearing. On September 23, 2015, the trial court entered a written order denying the motion. Relying on this court's opinion in Philander Butler v. State, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256 (Tenn. Crim. App. July 14, 2015), perm. app. denied (Tenn. Dec. 11, 2015), the trial court concluded that the Appellant's illegal sentence claim was moot because he had "completely served his sentence," and there was "no longer a remedy that [the trial court could] provide to correct any illegality in the sentence." The Appellant now appeals to this court.

The Appellant contends that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The Appellant concedes that our supreme court has recently held that Rule 36.1 "does not authorize the correction of expired illegal sentences." State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). However, the Appellant argues that Brown was "wrongfully decided" because it failed "to give . . . plain meaning to the language" of Rule 36.1. The State responds that the Appellant's motion failed to state a colorable claim because the alleged illegal sentence had long ago expired.

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction relief. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). At the time the Appellant filed his motion,[1] Rule 36.1 provided that either the defendant or the state could "at any time" seek the correction of an illegal sentence. Tenn. R. Crim. P. 36.1 (2013). The rule defined "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. "[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).

To the extent that the trial court denied the Appellant's motion for being moot, our supreme court specifically declined to apply the doctrine of mootness in the context of Rule 36.1. Regardless, Brown is clear that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." 479 S.W.3d at 211. Here, the Appellant conceded that the alleged illegal sentence was expired.

With respect to the Appellant's argument that Brown was wrongly decided, we note that once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 430 (Tenn. 2011) (quoting Morris v. Grusin, No.

---

[1] On July 1, 2016, Rule 36.1 was amended, replacing the original text of the rule in its entirety.

-2-

W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted).  If the Appellant wishes to challenge the holding in <u>Brown,</u> he must seek review from the supreme court.  Accordingly, we conclude that the trial court did not err in denying the Appellant's Rule 36.1 motion to correct an illegal sentence.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE